**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **TANYQUA OLIVER-MATHEIS,** | : | **Case No. 1:26-cv-662** |
| **Petitioner,** | : | |
| **vs.** | : | **Judge Matthew W. McFarland** **Magistrate Judge S. Courter M. Shimeall** |
| **BUTLER COUNTY SHERIFF'S OFFICE,** | : | |
| **Respondent.** | : | |

# REPORT AND RECOMMENDATION

Petitioner, currently held in pre-trial detention at the Butler County Correctional Complex ("BCCC"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges her pre-trial detention at BCCC after her bond was revoked. (ECF No. 16, PageID # 62). This case has been referred for certain matters to the Undersigned pursuant to 28 U.S.C. § 636(b) and this Court's Amended General Order 22-05.

This matter is before the Court now for consideration of Petitioner's "Emergency Motion for Summary/Default Judgment." (ECF No. 20). As explained below, the Undersigned **RECOMMENDS** that Petitioner's motion be **DENIED**.

As an initial matter, the Undersigned notes that Petitioner has filed multiple Petitions and Motions with this Court:

1. Petition for Writ of Habeas Corpus (ECF No. 1 (signed by Petitioner's husband));
2. Motion for Notice of Adjudicative Facts (ECF No. 4);
3. Emergency Motion for a Writ (ECF No. 7);

4. Amended Petition for a Writ of Habeas Corpus (ECF No. 8) and Emergency Addendum for a Writ of Habeas Corpus (ECF No. 9) (collectively the First Amended Petition);

5. Emergency Motion for Writ of Prohibition (ECF No. 10);

6. Motion for Preliminary Injunction (ECF No. 13);

7. Motion for a Writ of Habeas Corpus (ECF No. 16);

8. Emergency Motion for Summary/Default Judgment (ECF No. 20); and

9. Emergency Motion to Vacate Order Entered 9/9/2026 and to Grant Emergency Motion for Summary Judgment (ECF No. 21).

While some motions remain pending before the Court and will be addressed at a later date, as noted above, Petitioner's "Emergency Motion for Summary/Default Judgment" (ECF No. 20) is at issue here.

After issuing two Show Cause Orders directing Petitioner to show cause why her case should not be dismissed for the original Petition being signed by someone not authorized to do so (ECF No. 5) and for the failure to exhaust state remedies (ECF No. 14 (seeking clarification as to who was signing Petitioner's filings)), the Undersigned ultimately ordered Respondent to respond to Petitioner's Second Amended Petition[1] within 60 days (ECF No. 19). The Court issued the Order for Answer on September 9, 2026. (*Id.*).

Based on that filing, as of the date of this Report and Recommendation, Respondent still has over 30 days to respond accordingly. Petitioner's request for summary or default judgment is therefore premature and should be **DENIED**.

---

[1] Petitioner filed an "Emergency Motion for a Writ of Habeas Corpus and Response to Second Show Cause Order," presenting new facts about her bond being revoked and being detained at BCCC again (ECF Nos. 16, 17 (docketed twice to capture the motion and the response)), leading the Undersigned to construe the document as a Second Amended Petition (*see* ECF No. 19). The Undersigned acknowledges that Petitioner challenges this result (*see* ECF No. 21) and will address Petitioner's arguments in a separate Order.

Petitioner may file objections to this recommendation in accordance with the attached Notice Regarding Objections.

**IT IS SO RECOMMENDED.**

**Date: October 6, 2026**

*s/ S. Courter M. Shimeall*
**S. Courter M. Shimeall**
**United States Magistrate Judge**

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).