**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| TANYQUA OLIVER-MATHEIS, | : | Case No. 1:26-cv-662 |
| Petitioner, | : | Judge Matthew W. McFarland |
| v. | : | Magistrate Judge S. Courter M. Shimeall |
| BUTLER COUNTY SHERIFF'S OFFICE, | : | |
| Respondent. | : | |

---

**ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 24)**

---

This action is before the Court upon the Report and Recommendation of United States Magistrate Judge S. Courter M. Shimeall (Doc. 24), to whom this case is referred pursuant to 28 U.S.C. § 636(b). In the Report, the Magistrate Judge recommends that Petitioner's Emergency Motion for Summary Judgment/Default Judgment ("Emergency Motion") (Doc. 20) be denied. (*See* Report, Doc. 24.) Petitioner objected to the Report. (*See* Objections, Doc. 25; Second Objections, Doc. 26.) Thus, the matter is ripe for the Court's review.

Petitioner objects to the recommended denial of her Emergency Motion, arguing that the Amended Petition "was served by hand" on Respondent on July 30, 2026, and therefore the 21-day response deadline has passed. (Objections, Doc. 25, Pg. ID 86.) But, even accepting Petitioner's statements as true, Petitioner subsequently filed a Second Amended Petition (Doc. 22). And, in granting leave for that second amendment, the Magistrate Judge ordered that Respondent have until November 9, 2026 to respond to

that pleading. (*See* Order, Doc. 19.) That deadline has not yet passed.

Petitioner nevertheless argues that this Court should rescind the extended response deadline, characterizing the circumstances underlying her Second Amended Petition as "extraordinary" because of alleged disparate treatment and First Amendment violations. (*See* Second Objections, Doc. 26.) But, district courts have broad discretion to manage their dockets, including discretion to set and adjust deadlines for responding to habeas petitions. *See Mahaday v. Cason*, 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002); Rule 4, Rules Governing Section 2254 Cases. In setting the response deadline here, the Magistrate Judge considered the circumstances underlying the Petition. (*See* Order, Doc. 19.) Petitioner's characterization of those circumstances as "extraordinary" supplies no basis for revisiting that determination. This Court therefore declines to disturb the deadline previously established.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon said review, the Court finds that Petitioner's Objections (Docs. 25-26) are not well-taken and are accordingly **OVERRULED**. Thus, the Court **ADOPTS** Magistrate Judge Shimeall's Report and Recommendation (Doc. 24) in its entirety and **DENIES** Petitioner's Emergency Motion for Summary Judgment/Default Judgment (Doc. 20).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland

JUDGE MATTHEW W. McFARLAND